# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ENOCH SELLASSIE,[1] )
)
    Plaintiff, )
)
v. ) No. 4:10CV2180 CEJ
)
GEORGE LOMBARDI, et al., )
)
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Enoch Sellassie[1] (registration no. 172153), an inmate at Potosi Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $10.02. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

---

[1]Plaintiff is also known as Reginald Ozier.

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $50.08, and an average monthly balance of $12.81. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $10.02, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Named as defendants are George Lombardi (Director, Department of Corrections), Don Roper (formerly, Warden, Potosi Correctional Center), Troy Steele, (Warden, Potosi Correctional Center), Kay Malloy (Functional Unit Manager), and John Doe (Correctional Officer).

Plaintiff alleges that he was assaulted by another inmate sometime in 2005. Plaintiff claims that defendant John Doe failed to take steps to protect him from the assault. Plaintiff also alleges that defendant Roper failed to adequately train defendant Doe.

Plaintiff claims that he was assaulted again sometime in 2010. Plaintiff alleges that he notified defendants Lombardi, Steele and Malloy but that they did not provide him with a grievance form. Plaintiff further alleges that these defendants "acted with disregard of the plaintiff's rights to be free from attacks."

## Discussion

The complaint is frivolous because it is wholly conclusory and fails to allege any facts, which if proved, would entitle plaintiff to relief.

Furthermore, to state a claim for unconstitutional conditions of confinement, a prisoner must show that the conditions of confinement posed a substantial risk of serious harm and that the institution's officials knew of but disregarded, or were deliberately indifferent to, plaintiff's health and safety. Crow v. Montgomery, 403 F.3d 598, 602 (8th Cir. 2005); see also Hudson v. McMillian, 503 U.S. 1, 9 (1992) (to establish objective component of conditions-of-confinement claim, deprivation must be "extreme" and must deny "minimal civilized measure of life's necessities"). Plaintiff must further show that a "pervasive risk of harm" existed, which "requires evidence of frequent violence or sexual assaults which places a prisoner or group of prisoners in reasonable fear for their safety; and prisoners must apprise the prison officials of the existence of the problem and the need for protective measures. In every case, a

'pervasive risk' is *something more than a single incident* and something less than a riot." Falls v. Nesbitt, 966 F.2d 375, 378 (8th Cir. 1992) (emphasis added). Plaintiff's claim that he was assaulted twice in five years is not so objectively serious as to state a claim for unconstitutional conditions of confinement. As a result, the complaint will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $10.02 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of December, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE